NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

───────────────

**INTEGRATED TECHNOLOGY CORPORATION, NEVADA INTEGRATED TECHNOLOGY CORPORATION,**
*Plaintiffs-Appellees*

**v.**

**RUDOLPH TECHNOLOGIES, INC., MARINER ACQUISITION COMPANY LLC,**
*Defendants-Appellants*

───────────────

2014-1820

───────────────

Appeal from the United States District Court for the District of Arizona in No. 2:06-cv-02182-ROS, Senior Judge Roslyn O. Silver.

───────────────

Decided: October 21, 2015

───────────────

JOSHUA MICHAEL RYLAND, Tucker Ellis LLP, Cleveland, OH, argued for plaintiffs-appellees. Also represented by JAY REED CAMPBELL; TODD ROBERTS TUCKER, Calfee, Halter & Griswold LLP.

2            INTEGRATED TECHNOLOGY CORP. v. RUDOLPH
TECHNOLOGIES, INC.

DANIEL W. MCDONALD, Merchant & Gould P.C.,
Minneapolis, MN, argued for defendants-appellants. Also
represented by RACHEL C. HUGHEY, MICHAEL A. ERBELE.

————————————

Before PROST, *Chief Judge,* MOORE and WALLACH, *Circuit
Judges.*

PROST, *Chief Judge.*

On appeal for the second time, Rudolph Technologies,
Inc. and Mariner Acquisition Company LLC (collectively
"Rudolph") challenge the district court's determinations
that this case is exceptional and that Rudolph is bound by
an earlier stipulation regarding the amount of attorneys'
fees it owes. We affirm the district court's exceptionality
finding, but we hold that the district court erred in inter-
preting the stipulation to be binding in this circumstance.
We therefore vacate the district court's fee award and
remand for the district court to calculate the amount of
reasonable attorneys' fees Integrated Technology Corpo-
ration and Nevada Integrated Technology Corporation
(collectively "ITC") incurred as a result of Rudolph's
misconduct.

## I. BACKGROUND

Rudolph and ITC are the sole competitors in the mar-
ket for inspection equipment for probe cards, which are
testers for semiconductor chips. Probe cards test semi-
conductor chips by probing them with thousands of small
wires. Those wires (called probes) can become bent,
damaged, or misaligned. Rudolph's technology tests the
probes by taking images of the probes as they contact a
"window" of the testing system.

A key limitation of U.S. Patent No. 6,118,894, the pa-
tent at issue in this appeal, is that the images of the probe
tip are obtained "in a first state where said probe tip is
driven in contact with said window with a first force, and

in a second state where said probe tip is driven in contact with said window with a second force . . . ." J.A. 183. Rudolph's products—various PRVX models and the ProbeWoRx product—were designed not to contact the window in the first state. However, after ITC sued Rudolph, Ronald Seubert, who was the CEO at the time, tested the PRVX products and found that, due to manufacturing tolerances, the PRVX products sometimes did contact the window in the first state. Rudolph then slightly modified its software to account for manufacturing tolerances so that the PRVX products could not contact the window in the first state. Rudolph introduced the redesigned PRVX products on August 15, 2007, seven months after being sued, and four months after ITC's initial infringement contentions. The next day, ITC took Mr. Seubert's deposition, and Mr. Seubert disclosed the redesign. However, when ITC asked Mr. Seubert whether the probe tips contacted the window in Rudolph's products, Mr. Seubert responded that he did not know. Mr. Seubert did not disclose the testing he performed or its results. Mr. Seubert left the company in December 2007.

The parties cross-moved for summary judgment in early 2009. ITC sought summary judgment of infringement on all products. As to the original products, Rudolph argued that the accused products did not practice a means-plus-function limitation. With respect to the redesigned products, Rudolph argued that the redesign caused the products to no longer literally infringe because they cannot contact the window in the first state. Rudolph's motion for summary judgment of noninfringement also argued that the redesigned products do not infringe under the doctrine of equivalents based on prosecution history estoppel. The district court granted ITC's summary judgment motion as to the original products, finding that Rudolph's means-plus-function argument was not a "serious defense." J.A. 17748. The district court denied both parties' motions with respect to the redesigned

products, though the district judge did not resolve the
prosecution history estoppel issue.    Finally, the court
granted Rudolph summary judgment of noninfringement
as to a second asserted patent no longer at issue in this
case.

Three main issues proceeded to trial: willfulness on
the original products, and infringement and willfulness as
to the redesigned products.  The jury returned a verdict of
infringement and willfulness on the redesigned products,
but the jury found that Rudolph's infringement before the
redesign was not willful.  Presumably, the jury must have
credited ITC's argument that the redesigned products
infringed under the doctrine of equivalents and that the
redesign was an intentional sham.  ITC alleged copying to
establish willfulness on the original products, which the
jury apparently rejected.

One moment at trial is particularly relevant to the
present appeal.  At trial, Mr. Seubert disclosed for the
first time upon questioning that he actually performed
testing on his products when Rudolph was sued.  Then,
when Mr. Seubert was asked, "You determined that the
machine actually was covered by the claims in the patent;
right?" he responded "Yes."  J.A. 9480.  Mr. Seubert also
confirmed that the testing occurred in April of 2007.  J.A.
9479.  In its judgment as a matter of law order, the dis-
trict court called this "a startling admission under oath"
because Rudolph continued to contest infringement even
though the CEO personally thought that Rudolph in-
fringed.  J.A. 17737.

The district court denied Rudolph's motion for judg-
ment as a matter of law.  In so doing, the district court
trebled damages, granted a broad injunction, and found
the case exceptional under § 285.  The district court's
analysis was brief: "Rudolph's conduct during this litiga-
tion and the willfulness finding are ample support for
finding this case exceptional."  J.A. 17751.  Rudolph then

drafted a stipulation in which it agreed not to contest the reasonableness of ITC's requested fee award of $3,252,228.50. The relevant text of the stipulation is as follows:

> We are mindful, however, that disputing the reasonableness of your request will result in additional fees for both sides. Therefore, Rudolph will *not contest* the reasonableness of ITC's request for fees in the amount of $3,252,228.50. This agreement solely relates to the reasonableness of the dollar amount and does not in any way limit Rudolph's ability to contest or appeal ITC's entitlement to attorneys' fees on appeal or otherwise as may be appropriate, which right Rudolph specifically reserves.

J.A. 18396.1. The judge accepted the stipulation and awarded $3,252,228.50 in fees. The court then denied a motion to stay the injunction pending appeal (though this court ultimately granted the motion). Rudolph appealed.

On appeal, we found that prosecution history estoppel applied as a matter of law, so we reversed the infringement findings on the redesigned products. *Integrated Tech. Corp. v. Rudolph Techs., Inc.*, 734 F.3d 1352, 1356–60 (Fed. Cir. 2013). We therefore also vacated the willfulness finding, the trebled damages, and the injunction. *Id.* at 1360. Finally, this court remanded the attorneys' fees issue to the district court because the exceptional case finding relied on the vacated willful infringement finding. *Id.* at 1360–61.

On remand, the district court reinstated its exceptional case determination. The substance of the order is below in full:

> In brief, the record establishes the following: Rudolph hid its infringement for years, provided false discovery responses, filed summary judg-

ment papers even though it knew its product in-fringed, argued a never fully explained theory that ITC did not own the underlying patent, and during and after trial played semantic games regarding what its machines did and what functions were important to it and its customers. (Doc. 546 at 20 n.9) (explaining Rudolph refused "to be forthright regarding how its machines operate" and the terms of injunction were an attempt to prevent "Rudolph from simply redefining certain terms in such a manner so it can claim its machines are outside literal coverage"). The striking weakness of Rudolph's position regarding its pre-2007 PRVX machines, as well as the unreasonable manner in which it litigated the case through trial and post-trial motions, satisfy the Supreme Court's standard under § 285 for awarding fees. In fact, *either* the substantive strength of many of Rudolph's litigating positions or the "unreasonable manner in which the case was litigated" make this case stand out from others. An award of fees is appropriate. The parties previously stipulated to the amount of fees. (Doc. 550-1 at 4).

J.A. 72. Rudolph appeals. This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

Under 35 U.S.C. § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party." In *Octane Fitness,* the Supreme Court clarified that:

an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine

> whether a case is "exceptional" in the case-by-case
> exercise of their discretion, considering the totali-
> ty of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134
S. Ct. 1749, 1756 (2014) (footnote omitted). On appeal, we
review the district court's exceptional case determination
under § 285 for an abuse of discretion. *Highmark Inc. v.
Allcare Health Mgmt. Sys.*, 134 S. Ct. 1744, 1747 (2014).

## A. Waiver

As an initial matter, ITC asserts that Rudolph waived
all of its challenges to the district court's findings that
Rudolph committed misconduct because, in the first
appeal, Rudolph stated that the district court's miscon-
duct findings were "wholly irrelevant to the issues on
appeal . . . ." Appellants' Reply Br. ECF No. 59 at 22,
*Integrated Tech. Corp. v. Rudolph Techs., Inc.*, No. 12-
1593. According to ITC, because Rudolph did not appeal
the misconduct findings in the first appeal, Rudolph
cannot challenge them now.

We disagree. The district court's opinion on remand
is a new opinion with new factual findings. In the first
appeal, we vacated the district court's attorneys' fees
determination because it was inextricably intertwined
with the district court's vacated willfulness finding.
Therefore, on remand, the district court had to consider
anew whether the facts of the case supported an excep-
tionality determination under § 285. Accordingly, Ru-
dolph was free to defend against ITC's renewed
misconduct allegations. As Rudolph disputed ITC's
misconduct allegations on remand, the arguments are
preserved for this appeal.

## B. Exceptionality

On the merits, we affirm the district court's excep-
tionality determination. The district court provided five
independent bases supporting exceptionality. Upon

review, we cannot say that the district court, considering the totality of the circumstances, abused its discretion in finding the case exceptional under § 285. *See, e.g.*, J.A. 7917 (p. 108, ll. 10–17), 9425 (illustrating Mr. Seubert's inconsistent deposition and trial testimony).

### C. Stipulation

Rudolph argues that, if we affirm the exceptionality finding, Rudolph should not be held to the stipulation it drafted prior to the first appeal regarding the amount of attorneys' fees. We agree. We review contract interpretation de novo and the district court's ultimate decision for abuse of discretion. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) ("Contract interpretation is a question of law that we review *de novo*."); *Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012) ("[I]n determining the amount of reasonable attorneys' fees to award under federal fee-shifting statutes, the district court is afforded considerable discretion.").

We interpret the stipulation's text to be binding only when Rudolph is liable for fees for the entire case. The stipulation states that "Rudolph will *not contest* the reasonableness of ITC's request for fees in the amount of $3,252,228.50." J.A. 18396.1. This language assumes that the district court has already held Rudolph liable for fees encompassing the entire case—the stipulation relates only to "ITC's request for fees." *Id.* Even when a party is liable for fees covering the entire case, the losing party may still contest the reasonableness of the prevailing party's fee request. The stipulation refers only to this issue: "the reasonableness of the dollar amount." *Id.* Moreover, Rudolph explicitly reserves the right "to contest or appeal ITC's entitlement to attorneys' fees on appeal or otherwise as may be appropriate . . . ." *Id.* In other words, Rudolph remains able to contest the extent of its liability for fees. Therefore, as the scope of Rudolph's liability has changed, its stipulation on the reasonable-

ness of ITC's fees request—which is tied to a different amount of liability—is inapposite.

The context in which the stipulation was entered supports our textual interpretation. The district court had just resolved the judgment as a matter of law motions heavily in favor of ITC—the court upheld the jury's infringement and willfulness verdict, it trebled damages, it held the case exceptional, and it entered a broad injunction. In that climate, Rudolph agreed not to contest the amount of ITC's requested fees.

Now, however, the case's posture has substantially changed. Indeed, ITC won only a fraction of its original claims. In this case, ITC asserted two patents against both Rudolph's pre- and post-redesign products. It also accused Rudolph of willful infringement, and it sought treble damages and an injunction. After the initial district court proceedings had concluded, ITC won a complete victory on one of the two asserted patents. However, on appeal, we reversed the infringement finding as to the redesigned products, which vacated the willfulness finding, vacated the injunction, vacated the trebled damages, and vacated the exceptionality determination. After the appeal, ITC won only a portion of its original case—simple infringement of one patent on only the pre-redesign products.

Furthermore, the district court provided no explanation in holding Rudolph to the stipulation. The court merely stated that "[t]he parties previously stipulated to the amount of fees," without resolving Rudolph's argument that the stipulation was no longer binding. J.A. 72. As the court provides no reasoning, it is difficult to defer to the district court's view of the case.

Federal Circuit law requires that the amount of the fee award "bear some relation to the extent of the misconduct." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001) (quoting *Read Corp. v. Portec, Inc.*,

10          INTEGRATED TECHNOLOGY CORP. v. RUDOLPH
                                      TECHNOLOGIES, INC.

970 F.2d 816, 831 (Fed. Cir. 1992)).   The district court
based the amount of the attorneys' fee award on an erro-
neous view of the stipulation, and consequently, the
district court abused its discretion.   On remand, the
district court must award reasonable attorneys' fees
commensurate with Rudolph's misconduct.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court
finding that this is an exceptional case under § 285,
vacate the district court's fee award, and remand for a
determination of the proper fee award.

**AFFIRMED-IN-PART, VACATED-IN-PART,
AND REMANDED**